[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff alleges the following facts in her complaint. The plaintiff, responding to a request of an agent of the defendant, entered the premises in order to conduct an investigation of a complaint made by an agent of the defendant. As part of this investigation, an agent of the defendant directed the plaintiff to the attic, and led her up a ladder to said attic. The plaintiff stepped into the attic area, but the attic did not contain a weight-bearing floor. As a result, the plaintiff fell through the attic "floor" to the floor below, crashing through the drop ceiling. The injuries sustained by the plaintiff were due to the defendant's negligence in that it knew or should have known that the attic was unsafe, did not communicate this information to the plaintiff and directed the plaintiff to the unsafe area.
On January 23, 1992 the defendant filed a motion to strike the complaint on the ground that the plaintiff's claim is barred by the "firefighter's rule." The plaintiff objects to the motion, and the parties have filed supporting memorandum of law.
The "firefighter's rule," as enunciated in Connecticut, provides that a firefighter on a person's property in the exercise of his duty is owed "no greater duty than that due a licensee." Roberts v. Rosenblatt, 146 Conn. 110, 113 (1959). This rule was subsequently extended to include police officers. Furstein v. Hill, 218 Conn. 610, 616 (1991). "The duty that a landowner owes to a licensee does not ordinarily encompass the responsibility to keep the property in a reasonably safe condition, because the licensee must take the premises as he finds them." Id., 624 (citation omitted).
A possessor of land is subject to CT Page 1275 liability for physical harm caused to licensees by a condition on the land if, but only if, (a) the possessor knows or has reason to know of the condition and should realize that it involves an unreasonable risk of harm to such licensees, and should expect that they will not discover or realize the danger, and (b) he fails to exercise the reasonable care to make the condition safe, or to warn the licensee of the condition and the risk involved and (c) the licensees do not know or have reason to know of the condition or risk involved.
Id., 624-625, quoting 2 Restatement (Second), Torts (1965) Section 342, p. 210.
The plaintiff alleges that she was directed to the unsafe area by the defendant's agent, that the defendant had reason to know of the risk of harm, failed to warn the plaintiff of that risk, and that the plaintiff had no reason to know of the condition. These allegations bring the plaintiff's claim within the "heightened duty" exception of the "firefighter's rule." Therefore, the motion to strike is denied as the plaintiff has sufficiently pled a cause of strike.
LANGENBACH, J.