[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE (#106)
The plaintiff, Michael Bochicchio, alleges that he was injured when he was assigned to investigate a disturbance involving Edwin Strekas, a co-defendant in this case, on or about October 3, 1993. At the time of the investigation, the plaintiff was a state trooper assigned to Troop B barracks of the Connecticut State Police located in Canaan, Connecticut. The plaintiff alleged that the defendant, Elizabeth Strekas, informed him of the whereabouts of Edwin Strekas and as a result, the plaintiff proceeded to the Strekas' residence in North Canaan, Connecticut where the plaintiff encountered Joseph and William Strekas. The second count of the plaintiff's complaint alleges negligence against Elizabeth Strekas and William Strekas claiming that they (1) failed to exercise reasonable care and judgment; (2) failed to understand the seriousness and consequences of their action; (3) failed to warn the plaintiff of the intention and location of Edwin Strekas, and; (4) failed to warn the plaintiff that Edwin Strekas was armed and dangerous. The plaintiff further alleges that as a result of the negligence of Elizabeth Strekas he suffered serious bodily injury and emotional distress.
On November 29, 1995, the defendant filed a motion to strike the second count of the complaint as to her, as that count is also directed against a co-defendant William Strekas. In support of this motion the defendant filed a memorandum of law arguing that the cause of action alleged by the plaintiff is not one recognized in the state of Connecticut. The plaintiff did not file an opposing memorandum of law.
"A motion to strike challenges the legal sufficiency of a pleading. In reviewing the granting of a motion to strike, we take the facts alleged in the complaint and construe them in a manner most favorable to the pleader. . . . This includes the facts necessarily implied and fairly provable under the allegations. . . It does not include, however, the legal conclusions or opinions stated in the complaint." (Citations omitted; internal quotation marks omitted.) Forbes v. Ballaro, 31 Conn. App. 235, 238-39624 A.2d 389 (1993).
"In considering the ruling upon the motion to strike, we are limited to the facts alleged in the complaint." King v. Board ofEducation, 195 Conn. 90, 93, 486 A.2d 1111 (1985). "[I]f facts provable under the allegations would support a defense or a cause of action, . . . the [motion to strike] must fail." AlarmApplications Co. v. Simsbury Volunteer Fire Co., 179 Conn. 541, CT Page 322 545, 427 A.2d 822 (1980). A motion to strike shall be granted, however, if "the plaintiff's complaint [does not] sufficiently [state] a cognizable cause of action as a matter of law." Mora v.Aetna Life Casualty Ins. Co., 13 Conn. App. 208, 211,535 A.2d 390 (1988).
"The allegations of the pleading involved are entitled to the same favorable construction a trier would be required to give in admitting evidence under them and if the facts provable under its allegations would support a defense or a cause of action, the motion to strike must fail." Mingachos v. CBS, Inc., 196 Conn. 91,108-09, 491 A.2d 368 (1985).
The common law rule is that, "absent a special relationship of custody or control, there is no duty to protect a third person from the conduct of another. See 2 Restatement (Second), Torts 315 (1965); F. Harper, F. James O. Gray, The Law of Torts (2d Ed. 1986) 18.7; W. Prosser W. Keeton, Torts (5th Ed. 1984) 56."Kaminski v. Fairfield, 216 Conn. 29, 33-34, 578 A.2d 1048 (1990). "A familial relationship does not, per se, establish the capacity to control . . . as a basis for liability. Poncher v. Brackett,246 Cal.App.2d 769, 771-73, 55 Cal.Rptr. 59 (1966)." Id., 36.
"[F]undamental concepts of justice prohibit a police officer from complaining of negligence in the creation of the very occasion for his engagement. . . . This fundamental concept rests on the assumption that governmental entities employ firefighters and police officers, at least in part, to deal with the hazards that may result from their taxpayers' own future acts of negligence. Exposing the negligent taxpayer to liability for having summoned the police would impose upon him multiple burdens for that protection. . . ." (Citations omitted.) Id., 38-39. Such is the situation in the present case because the plaintiff, a state trooper, was summoned to investigate a disturbance and exposing the defendant, Elizabeth Strekas, to liability for having called the police would impose multiple burdens upon her. "In accordance with this principle, a police officer has been precluded from suing parents for negligence when he was assaulted by intoxicated guests at a party after having been summoned to quell the disturbance . . . ." (Citations omitted.) Id., 39.
Construing the complaint in the manner most favorable to the pleader; Amodio v. Cunningham, 182 Conn. 80, 82, 438 A.2d 6 (1980); but excising all legal conclusions and unsupported opinions; AlarmApplications Co. v. Simsbury Volunteer Fire Co., 179 Conn. 541, CT Page 323 545, 427 A.2d 822 (1980); the court finds that the cause of action alleged in the second count is not a cause of action recognized in the state of Connecticut. Furthermore, the plaintiff failed to allege facts which would allow this court to find that a special relationship of custody or control existed between the defendants Elizabeth Strekas and Edwin Strekas that would impose upon her a duty to protect a third person from the conduct of Edwin Strekas. Accordingly, the second count of plaintiff's complaint sounding in negligence, as to Elizabeth Strekas, is stricken.
PICKETT, J.