[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM DATED JULY 16, 1996
I. FACTUAL AND PROCEDURAL BACKGROUND CT Page 5178
The plaintiff, Craig Fournier, alleges that he is Southington police officer who was dispatched to the defendant Daniel Battista's home located at 97 Maplewood Drive, Southington Connecticut on March 28, 1994. The defendant's father, Frank Battista, called the Southington Police Department and reported that his son had a 9mm hand gun, and he was threatening to kill himself. When the plaintiff arrived, he observed the defendant with the gun in his waistband standing on the front lawn of 97 Maplewood Drive. He forced the defendant to the ground while attempting to prevent the defendant from using the gun he had withdrawn from his waistband. In the process of subduing the defendant and as a result of the defendant's negligence, the plaintiff sustained injuries to his cervical spine.
By motion dated May 16, 1996, the defendant filed a motion to strike the plaintiffs complaint with an accompanying memorandum of law. On May 28, 1996, the plaintiff filed a memorandum in opposition. Both parties have subsequently filed supplemental memoranda. The court heard oral argument on the motion on June 10, 1996.
II. DISCUSSION
A. Motions to Strike, Generally
"A motion to strike challenges the legal sufficiency of a pleading . . . [I]t admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings . . . if the facts provable under its allegations would support a defense or a cause of action, the motion to strike must fail." (Citations omitted.) Mingachos v.CBS, Inc., 196 Conn. 91, 108-09, 491 A.2d 368 (1985). Further, the court must construe the facts in the pleadings, which are the subject of the motion to strike, most favorably to the pleader.Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 170,544 A.2d 1185 (1988).
B. Defendant's Motion to Strike
The defendant claims its motion to strike should be granted because the plaintiff s complaint fails to state a cause of action upon which relief may be granted. Defendant argues that based on the firefighter's[1] rule and important public policy considerations, the defendant owed no duty to the plaintiff to CT Page 5179 prevent injury to him in the line of duty. Defendant contends that Connecticut does not recognize a cause of action in negligence based on the conduct which created the need for the police protection.
The defendant alleges that the plaintiff s negligence cause of action is barred by the application of the firefighter's rule, as set forth in Kaminski v. Fairfield, 216 Conn. 29,578 A.2d 1048 (1990), and Furstein v. Hill, 218 Conn. 610, 616,590 A.2d 939 (1991).[2] In Kaminski, the Connecticut Supreme Court applied the fireman's rule to the defendant's counterclaim for his injuries sustained in the line of duty while assisting some mental health workers with a disturbed patient. The court discussed the fireman's rule with the following language:
 With respect to the second consideration, the plaintiffs cannot be held liable to the defendant for risks that inhered in his presence, as a police officer acting as a trained escort for a mental health team on a visit to a disturbed patient known to be agitated and to have access to axes. "[F]undamental concepts of justice prohibit a police officer from complaining of negligence in the creation of the very occasion for his engagement . . . This fundamental concept rests on the assumption that governmental entities employ fire fighters and police officers, at least in part, to deal with the hazards that may result from their taxpayers' own future acts of negligence. Exposing the negligent taxpayer to liability for having summoned the police would impose upon him multiple burdens for that protection." Berko v. Freda, 93 NJ. 81, 87, 459 A.2d 663 (1983) (a police officer injured in the pursuit of a stolen car cannot sue the car owner for negligence in leaving the car with keys in the ignition).
Id., 38-39.
In Furstein, the court explained the historical background behind the fireman's rule and its rationale in other jurisdictions. Furstein involved a police officer suing the landowner for injuries sustained when the officer fell through the landowner's deck while investigating a suspected burglary. The Supreme Court reversed and ordered the verdict directed, the plaintiffs having failed to demonstrate the landowner was aware of the plaintiffs presence or the condition of the deck. CT Page 5180
In Steelman v. Lind, 97 Nev. 425, 427-28, 634 P.2d 606
(1981), the court affirmed the motion for summary judgment where the plaintiff police officer sued the party responsible for placing the plaintiff in jeopardy.[3] The court analogized the practicality for the fireman's rule in stating:
 Probably most fires are attributable to negligence, and in the final analysis the policy decision is that it would be too burdensome to charge all who carelessly cause or fail to prevent fires with the injuries suffered by experts retained with public funds to deal with those inevitable, although negligently created occurrences.
Id., 668.
In Hubbard v. Boelt, 28 Cal.3d 480, 620 P.2d 156 (1980), the Supreme Court of California barred a police officer's negligence action against the defendant, where the police officer was injured in the line of duty while pursuing the defendant in a high speed chase. The court applied the fireman's rule and affirmed the summary judgment, holding the fireman's rule extended to both negligent and reckless conduct.
In the instant case, the plaintiff alleges that his complaint does not fall within the fireman's rule because he is solely alleging negligence against the tortfeasor, not negligence against the party calling him into action (i.e. the defendant's parents). Additionally, the plaintiff alleges this is not a premises liability case, as most of the fireman's rule cases are.
The intent behind the fireman's rule was to prohibit all causes of action by the police officer that resulted while the officer was engaged in the performance of his official duties. This is regardless of whether the officer sues the tortfeasor, the party calling the officer to action or the owner of the premises. The fireman's rule is grounded in public policy and is not limited to premises liability cases.
For example, in one non-premises liability case, the police officer sued the actual tortfeasor in negligence. and the court applied the fireman's rule prohibiting the cause of action. SeeHubbard v. Boelt, supra.
CT Page 5181
The public policy behind the fireman's rule has been oft-stated by this Supreme Court and other jurisdictions, and it encompasses the facts of this case. This court adopts the sound reasoning of Chief Justice Weintraub of the Supreme Court of New Jersey in Krauth v. Geller, 31 N.J. 270, 273-74, 157 A.2d 129
(1960), as quoted in Flowers v. Rock Creek Terrace LimitedPartnership, 308 Md. 432, 520 A.2d 361, 367-68 (1987):
 The rationale of the prevailing [fireman's] rule is sometimes stated in terms of assumption of the risk, used doubtless in the so-called primary sense of the term and meaning that the defendant did not breach a duty owed, rather than that the fireman was guilty of contributory fault in responding to his public duty . . . Stated affirmatively, what is meant is that it is the fireman's business to deal with that very hazard and hence, perhaps by analogy to the contractor engaged as an expert to remedy dangerous situations, he cannot complain of negligence in the creation of the very occasion for his engagement. In terms of duty, it may be said that there is none owed the fireman to exercise care so as not to require the special services for which he is trained and paid. . . . See Walters v. Sloan, 20 Cal.3d 199, 142 Cal.Rptr. 152, 155, 571 P.2d 609, 612 (1977) ["one who has knowingly and voluntarily confronted a hazard cannot recover for injuries sustained thereby."] (Internal quotations omitted.)
Applying the foregoing to the instant case, the plaintiff was injured while attempting to restrain the defendant. The plaintiff was acting in his official capacity, in a manner in which he was trained, in order to protect the defendant and the public at large. As previously stated, it is sound public policy to require the plaintiff to pursue his remedy under the workman's compensation statutes. The current cause of action in negligence is prohibited by the fireman's rule.
Additionally, the defendant relies on RK Constructors, Inc.v. Fusco Corp., 231 Conn. 381, 384, 650 A.2d 153 (1994), for the proposition that foreseeability alone is not the test for determining what duty is owed. Whether the scope of the duty in a negligence action requires consideration of public policy, need not be addressed, this cause of action being disposed of by application of the fireman's rule. CT Page 5182
Even taking the plaintiffs complaint in the light most favorable: that the defendant was negligent in brandishing his 9mm on his front lawn where he endangered himself and the public: the complaint fails to state a viable cause of action.
III. CONCLUSION:
For the reasons herein stated, the defendant's Motion to Strike is hereby granted.
HANDY, J.