[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is a personal injury action brought by the plaintiff against the defendants for damages arising out of the defendants' alleged negligent conduct. Each defendant moves for summary judgment on the count of the complaint asserted against it on the ground that the firefighter's rule bars the plaintiff's action.
The plaintiff filed a three-count complaint in which he makes the following allegations. The defendant, Laurie Hollin, was the owner and operator of a motor vehicle which was stopped in the left breakdown lane on the north side of I-95 in New London, Connecticut. The plaintiff, a Connecticut state trooper, had pulled over to the rear of the defendant's vehicle. At that time, the defendants Flora H. Kyle and Chris T. Poulos were each travelling in a northerly direction on I-95. The defendant Poulos moved from the left travel lane to the right travel lane into the path of the defendant Kyle. Kyle took evasive action which caused her to collide with the rear of the plaintiff's vehicle, resulting in injury to the plaintiff.
The defendants argue that, under the firefighter's rule, a police officer who is injured in the performance of his duties by the negligent act of another may not bring suit against the alleged tortfeasor as [a] result of that negligence. In so arguing, the defendants rely on the reasons for the firefighter's rule, namely, that the public compensates police officers for CT Page 2440 taking the risks inherent in their duties and that police officers knowingly assume those risks.
The plaintiff argues that the firefighter's rule does not apply under the facts of this case. The plaintiff contends that, in Connecticut, the rule applies only in situations where a police officer enters upon the land of a defendant in the performance of a public duty. In the alternative, the plaintiff argues that, if the court determines that the rule is appropriate in this case, an exception to the rule applies. Relying on cases from other jurisdictions, the plaintiff states that a police officer injured by the negligent act of an independent third party may bring an action against the third party. The plaintiff argues that in this case there are outstanding issues of fact regarding third party acts which affect application of the exception. Accordingly, the plaintiff argues that the defendants have not met their burden of showing that there are no issues of material fact and that they are entitled to judgment as a matter of law.
"The standard of review of a trial court's decision to grant a motion for summary judgment is well established." HomeInsurance Co. v. Aetna Life Casualty Co, 235 Conn. 185, 202
(1995). "Summary judgment `shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" Id., quoting Practice Book § 384.
The firefighter's rule was established in Connecticut inRoberts v. Rosenblatt, 146 Conn. 110 (1959), in which the plaintiff firefighter was injured in a fall on an icy sidewalk owned by the defendant. The court stated that the trial court should have instructed the jury "as a matter of law that the plaintiff entered upon the premises in the performance of a public duty under a permission created by law and that his status was akin to that of a licensee and the defendant owed him no greater duty than that due a licensee" Id., 113. The rule was later extended to include police officers. Furstein v. Hill,218 Conn. 610, 616 (1991).
No Connecticut Appellate Court has extended the rule to a situation such as that presented in this case in which the injury to the safety officer occurred on public property. The rule has been applied by trial courts to cases in which a safety officer CT Page 2441 enters upon the land of another in the course of performing his official duties. See, e.g., Grzybowski v. Faraci Manor, Inc.,
Superior Court, judicial district of Middlesex, Docket No. 65598 (May 28, 1993, Higgins, J.); Whidbee v. Pine Grove Cemetery,
Superior Court, judicial district of Waterbury, Docket No. 104783 (February 28, 1992, Langenbach, J., 7 CSCR 345); Martin v. Tower,
Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 349338 (June 28, 1991, Miano, J.).
In support of their motions, the defendants rely on the trial court's decision in Fournier v. Battista, Superior Court, judicial district of New Britain, Docket No. 472570 (July 16, 1996, Handy, J., 17 Conn. L. Rptr. 263). In Fournier, the plaintiff police officer responded to a call from the defendant who reported that his son was threatening to commit suicide and was armed with a gun. In the process of subduing the son, and while on the defendant's premises, the plaintiff injured his spine.
The defendant filed a motion to strike the complaint on the ground that the action was barred by the firefighter's rule. The court agreed and granted the motion. In so ruling, the court stated that the firefighter's rule is grounded in public policy and is not limited to premises liability cases. The court noted the general proposition that "[f]undamental concepts of justice prohibit a police officer from complaining of negligence in the creation of the very occasion of his engagement. . . ." (Internal quotation marks omitted.) Id., quoting Kaminski v. Fairfield,216 Conn. 29, 38 (1990). The facts of Fournier establish, however, that the plaintiff police officer was on the defendant's premises at the time of the injury. Thus, the court's statement that the firefighter's rule is not limited to premises liability cases is dicta.
In the consolidated cases of Apuzzo v. Kobuta and Popoliziov. Kobuta, Superior Court, judicial district of New Haven at New Haven, Docket Nos. 344031 and 342999 (January 14, 1997, Silbert, J.), the court addressed the applicability of the firefighter's rule in cases where the injury occurs on public property. The plaintiff police officers alleged that they were injured by the defendant when he attempted to interfere with the arrest of his father after the police officers stopped the father's motor vehicle, in which the defendant was a passenger, on a public highway. The defendant moved for summary judgment on the basis of the firefighter's rule. CT Page 2442
The court denied the motion relying on the conclusion of the Supreme Court in Furstein that "`the firefighter's rule adopted by this court in Roberts v. Rosenblatt, supra, applies to policeofficers who are injured by defective conditions on privateproperty while the officers are present upon such property in theperformance of their duties.'" (Emphasis in original.) Id., quoting Furstein v. Hill, supra, 218 Conn. 620. The court stated that it is "still fundamental that the rule as adopted in Connecticut focuses on the actions of such officers when their duties take them upon private property."
With respect to the case of Bochicchio v. Strekas, Superior Court judicial district of Litchfield, Docket No. 069261 (January 3, 1996, Pickett, J., 15 Conn. L. Rptr. 524), cited by the defendant in Apuzzo, the court stated that because that case involved "allegations of injuries by the plaintiff police officer while performing his duties upon private property, it is well within the ambit of the rule as propounded by our Supreme Court and does not suggest that the rule should in any way be extended to situations where an officer makes a vehicle stop on a public highway and is subsequently injured." Id.
The defendant Hollin relies on Kaminski v. Fairfield, supra,216 Conn. 29, to support her argument that the firefighter's rule bars the plaintiff's action. In Kaminski, the plaintiffs brought a wrongful death action against the town of Fairfield and a police officer for the fatal shooting by the officer of Joseph Kaminski, the plaintiffs' son. The officer brought a counterclaim against the plaintiffs for injuries he sustained when Joseph struck him with an axe. The trial court granted the plaintiffs' motion to strike the counterclaim. The court thereafter granted the defendant's motion for judgment on the counterclaim and the defendant appealed.
On appeal, the defendant argued that the plaintiffs were negligent in failing to warn him of Joseph's dangerous propensities. The court rejected this argument in part because the defendant was at the plaintiffs' home in the course of his professional duties. The court stated that a police officer is prohibited "from complaining of negligence in the creation of the very occasion for his engagement. . . . This fundamental concepts rests on the assumption that governmental entities employ firefighters and police officers, at least in part, to deal with the hazards that may result from their taxpayers' own future acts CT Page 2443 of negligence. Exposing the negligent taxpayer to liability for having summoned the police would impose upon him multiple burdens for that protection." (Internal quotation marks omitted.) Id., 38-9, quoting Berko v. Freda, 93 N.J. 81, 87, 459 A.2d 663, 666
(1983).
In support of the foregoing principle, the Kaminski court cited cases from other jurisdictions in which the firefighter's rule applied to bar recovery against certain defendants in actions involving injuries occurring on public property. In those cases, the applicability of the rule is determined by "[w]hether the negligently created risk which results in a fireman's or policeman's injury is the reason for his being at the scene in his professional capacity." Steelman v. Lind, 634 P.2d 666, 668
(Nev. 1981). The defendant Hollin invokes Kaminski to support application of this version of the rule. In Connecticut, however, the firefighter's rule is grounded in the theory of premises liability
"As was the case in Roberts, and as was made even more clear in Furstein, supra, Connecticut's version of the firefighter's rule, which has taken into account the approaches taken by other jurisdictions, has focused on police and fire personnel who enter onto private property to perform their dudes." Apuzzo v. Kobuta,
supra. In Roberts, the court stated that a firefighter injured while present on private property in the course of his professional duty occupies a status akin to that of a licensee."Roberts v. Rosenblatt, supra, 146 Conn. 113. "The duty that a landowner owes to a licensee does not ordinarily encompass the responsibility to keep the property in a reasonably safe condition, because the licensee must take the premises as he finds them." Furstein v. Hill, supra, 218 Conn. 624. the officer in Kaminski was injured while present on the plaintiffs' property in the course of his professional duties. The defendant Hollin's expansive reading of Kaminski is unsupported by the history and development of the firefighter's rule in this state.
On the basis of the foregoing, the court declines to expand the application of the firefighter's rule beyond its current well-defined parameters. Accordingly, the defendants' motions for summary judgment are denied.
HENDEL, J. CT Page 2444