ROBERT ROBERTS *v.* JACOB ROSENBLATT ET AL.

DALY, C. J., BALDWIN, KING, MURPHY and MELLITZ, Js.

Argued December 3, 1958—decided January 20, 1959

*Leo V. Gaffney,* with whom was *Bernard D. Gaffney,* for the appellants (defendants).

*Milton M. Koskoff,* with whom was *Edward J. McMahon,* for the appellee (plaintiff).

MURPHY, J. The plaintiff, a member of the fire department of the city of Bristol, sustained severe and permanently disabling injuries about 3 o'clock on the morning of January 31, 1954, when he slipped and fell on a patch of ice on a paved walk running from the street to the rear of a house owned by the defendants on Stafford Street in Bristol. With other firemen, he had responded to a telephoned alarm of fire on the premises. The house contained five apartments which were rented furnished. The plaintiff brought suit against the defendants, alleging negligence in the maintenance of a dangerous condition on the walk and in the failure to warn the plaintiff of it. The defendants have appealed from a verdict for the plaintiff which the trial court refused to set aside.

The defendants requested the court to charge the jury, as a matter of law, that the plaintiff was a licensee upon the defendants' property and that the duty which the defendants owed to the plaintiff was limited by that relationship. Instead of so charging, the trial judge instructed the jury that whether the plaintiff was a licensee or an invitee upon the premises was a question of fact for their determination. The court defined an invitee as a business visitor who enters or remains on another's property for a purpose directly or indirectly connected with busi-

ness dealings between them. The court then proceeded to point out that it was the business of the plaintiff in the discharge of his duties as a fireman to enter upon the defendants' premises and to do whatever was necessary to confine or extinguish such fire as existed there and that it was for the benefit of the defendants in the protection of their property that this be done. In addition, the court stated that if the jury found that the call to the fire department had been made by one of the tenants in the defendants' apartment house at the request of the agent in charge thereof, the jury would be justified in determining that the plaintiff was a business visitor to whom the defendants owed the duty of keeping the premises reasonably safe, but that if the jury found that the tenant had not made the call or that, if she had made it, she had not been requested to do so by the owners' agent or the agent did not have authority to make such a request, then the jury would be warranted in finding that the plaintiff was a licensee. The court then defined the duty owed by a property owner to a licensee in substantial accord with the rule enunciated in *Laube* v. *Stevenson,* 137 Conn. 469, 473, 78 A.2d 693, and restated in *Lubenow* v. *Cook,* 137 Conn. 611, 613, 79 A.2d 826.

Ordinarily, the status of one who sustains injury while upon the property of another is a question of fact. *Dickau* v. *Rafala,* 141 Conn. 121, 124, 104 A.2d 214; *Girard* v. *Kabatznick,* 128 Conn. 520, 525, 24 A.2d 257; *Knapp* v. *Connecticut Theatrical Corporation,* 122 Conn. 413, 417, 190 A. 291. Where, however, the facts essential to the determination of the plaintiff's status are not in dispute, a legal question is presented. *Ward* v. *Avery,* 113 Conn. 394, 396, 155 A. 502; *Rooney* v. *Woolworth,* 74 Conn. 720, 723, 52 A. 411; *Arthur* v. *Standard Engineer-*

*ing Co.,* 193 F.2d 903, 906, cert. denied, 343 U.S. 964, 72 S. Ct. 1057, 96 L. Ed. 1361. The essential facts in this case are these: The plaintiff was a member of the Bristol fire department. The defendants owned property within the city of Bristol. The plaintiff, with other members of the department, entered upon that property in response to an alarm of fire thereon. He sustained injury while upon the premises, owing to an alleged defect therein. Upon these facts, the court should have instructed the jury as a matter of law that the plaintiff entered upon the premises in the performance of a public duty under a permission created by law and that his status was akin to that of a licensee and the defendants owed him no greater duty than that due a licensee. *Lubenow* v. *Cook,* supra, 615; *Aldworth* v. *F. W. Woolworth Co.,* 295 Mass. 344, 346, 3 N.E.2d 1008; 38 Am. Jur. 785, § 125; 65 C.J.S. 490, § 34; Restatement, 2 Torts § 345, comment b; and cases annotated in 13 A.L.R. 637, 638, 141 A.L.R. 584, 585, and 55 A.L.R.2d 525, 530. The status of the plaintiff was not dependent in any respect upon the identity of the person who sounded the alarm, be he an occupant or owner of the premises or a passerby. *Lunt* v. *Post Printing & Publishing Co.,* 48 Colo. 316, 325, 110 P. 203; *Smith* v. *Twin State Gas & Electric Co.,* 83 N.H. 439, 446, 144 A. 57, 783.

There is error, the judgment is set aside and a new trial is ordered.

In this opinion the other judges concurred.