[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT
The plaintiff, James Grzybowski, brought this action by a two count complaint dated May 6, 1992, against the defendants, Faraci Manor Inc. ("Faraci Manor"), and Frank Faraci, Jr.
In count one of his complaint, the plaintiff alleges that on January 21, 1991, the defendant Faraci Manor, was the operator and manager of certain premises located at 268 Middlesex Avenue, Chester, Connecticut. The plaintiff alleges that he is a volunteer fireman for the Town of Chester. The plaintiff alleges that at approximately 11:30 a.m. on that same date he responded to a fire alarm call at the Glendale Manor Rest Home ("Glendale Manor") at 268 Middlesex Avenue, Chester, Connecticut.
The plaintiff alleges that upon parking his vehicle on the highway and changing into his firefighting clothing, he stepped on the sidewalk to the nursing home. The plaintiff alleges that he slipped on the ice and snow on the sidewalk and sustained serious injuries.
The plaintiff alleges that his injuries were caused by the negligence and carelessness of the defendant Faraci Manor. The plaintiff alleges that the defendant was negligent in permitting the sidewalk to accumulate snow and ice, by failing to remove the snow and ice, by failing to supervise the condition of the sidewalk and by failing to spread any abrasives on the sidewalk. The plaintiff alleges that the defendant Faraci Manor had actual knowledge of the sidewalks condition and in the alternative in the exercise of due care should have had such knowledge.
In the second count, the plaintiff asserts the same cause of action against the defendant Frank Faraci, Jr. as owner and operator of the Glendale Manor.
The defendants filed a motion for summary judgment dated February 2, 1993. Accompanying the motion for summary judgment is a portion of a copy of the plaintiff's deposition, CT Page 5123 an affidavit of Frank Faraci, Jr. and an affidavit of Walter F. Zeltmann. A motion for permission in order to prosecute the motion for summary judgment was granted by the court, Higgins, J., on April 12, 1993. The plaintiff filed a motion in opposition to the summary judgment on April 22, 1993. Accompanying the plaintiff's motion was a copy of a portion of plaintiff's deposition and an affidavit of the plaintiff.
"[T]he party seeking summary judgment has the burden of showing the nonexistence of any material fact." (Citations omitted.) Connell v. Colwell, 214 Conn. 242, 246,571 A.2d 116 (1990). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." (Citations omitted). Id. 246-47. "To satisfy his burden the movant must make a showing that it is quite clear what the truth is, and the excludes any real doubt as to the existence of any genuine issue of material fact." (Citation omitted.) Fogarty v. Rashaw, 193 Conn. 442,445, 476 A.2d 582 (1984).
 "Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact; D.H.R. Construction Co. v. Donnelly, 180 Conn. 430, 434, 429 A.2d 908 (1980), a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence such an issue. Practice Book Secs. 380, 381; Burns v. Hart [192 Conn. 451, 455, 472 A.2d 1257 (1984)]. . . ." Strada v. Connecticut Newspapers, Inc., 193 Conn. 313, 317, 477 A.2d 1005 (1984). "The test is whether a party would be entitled to a directed verdict on the same facts."
Connell v. Colwell, supra, 246-47, quoting Batick v. Seymour,186 Conn. 632, 647, 443 A.2d 471 (1982).
The defendants argue that they are entitled to summary judgment on two grounds. First, the defendants argue that there are no issues of fact as to whether or not it was snowing when the plaintiff allegedly fell. The defendants argue that the affidavits submitted with their motion established that it was snowing when the plaintiff fell and therefore CT Page 5124 the defendants had no duty to clear the sidewalk of snow. The defendants argue that they only had a duty to remove the snow upon a reasonable time after the snowfall had ended.
Second, the defendants argue that the plaintiff cannot bring an action for his injuries because of the "firefighter's rule." The defendants argue that a firefighter is a licensee and as such he must take the premises as he find them. The defendants argue that the landowner has no duty to keep the property in a reasonably safe condition with regards to a licensee. The defendants argue that there is only a heightened duty when the landowner knows of a dangerous condition, fails to make the condition safe and the licensee does not know or have reason to know of the condition. The defendants argue that the plaintiff cannot recover as a licensee because he observed the snow on the defendants' sidewalk and therefore he was aware of the potentially dangerous condition.
The plaintiff argues that there are genuine issues of material fact as to whether or not it was snowing when the plaintiff fell on the sidewalk. The plaintiff argues that his affidavit states that it was not snowing when he arrived at Glendale Manor or when he subsequently fell. Therefore, the plaintiff argues that the issue of whether or not it was snowing is an issue of fact that remains in dispute.
The plaintiff also claims that his status was that of an invitee and not a licensee. The plaintiff argues that he is subject to an exception under the provisions of the "firefighter's rule." The plaintiff argues that where a public officer or employee enters land in performance of his duty and suffers an injury on land that is open to the public, his status is that of an invitee. The plaintiff argues that the sidewalk outside of Glendale Manor is open to the public and therefore his status was that of an invitee. The plaintiff claims that as an invitee the defendants had a duty to keep the sidewalk reasonable safe.
In the alternative, the plaintiff argues that even if he is deemed to be a licensee, he did not have reason to know of the dangerous condition of the sidewalk. The plaintiff claims that it was not the snow that caused his fall, but rather the ice under the snow. The plaintiff argues that he did not know of the icy conditions underneath the snow and therefore the defendants had a duty to the plaintiff even as a CT Page 5125 licensee.
As to the issue of when a duty to remove ice and snow arises, it has been held that "a property owner, in fulfilling the duty owed to invitees upon his property to exercise reasonable diligence in removing dangerous accumulations of snow and ice, may await the end of the storm and a reasonable time thereafter before removing ice and snow from outside walks and steps." Kraus v. Newton, 211 Conn. 191, 197-98,558 A.2d 240 (1989). The court in Kraus stated that "[o]ur decision, however, does not foreclose submission to the jury . . . of the factual determinations of whether a storm has ended or whether a plaintiff's injury has resulted from new ice or old ice when the effects of separate storms begin to converge." Id.
As to what duty the defendants may have had to the plaintiff, "there is an ascending degree of duty owed by the possessor of land to persons on the land based on their entrant status, i.e., trespasser, licensee or invitee." Morin v. Bell Court Condominium Assn., Inc., 223 Conn. 323, 327,612 A.2d 1197 (1992), citing Corcoran v. Jacovino, 161 Conn. 462,465, 290 A.2d 225 (1971). "A possessor of land has a duty to an invitee to reasonably inspect and maintain the premises in order to render them reasonably safe." Id.
 "The duty that a landowner owes to a licensee does not ordinarily encompass the responsibility to keep the property in a reasonably safe condition, because the licensee must take the premises as he finds them. Dougherty v. Graham, 161 Conn. 248, 251, 287 A.2d 382 (1971); We have nevertheless recognized that under certain circumstances a heightened duty to the licensee can arise. Laube v. Stevenson, supra 474. The Restatement (Second) of Torts, Sec. 342, describes the duties owed a licensee as follows: "A possessor of land is subject to liability for physical harm caused to licensees by a condition on the land if, but only if (a) the possessor knows or has reason to know of the condition and shall realize that it involves an CT Page 5126 unreasonable risk of harm to such licensees, and should expect that they will not discover or realize the danger, and (b) he fails to exercise reasonable care to make the condition safe, or to warn the licensees of the condition and risk involved, and (c) the licensees do not know or have reason to know of the condition and the risk involved." 2 Restatement (Second), Torts (1965) Sec. 342, p. 210.
Furstein v. Hill, 218 Conn. 610, 625, 590 A.2d 939 (1991).
The "firefighter's rule," as enunciated in Connecticut, provides that a firefighter on a person's property in the exercise of his duty is owed "no greater duty than that due a licensee." Roberts, supra, 113. However, an exception to the "firefighter's rule" provides that "`[t]he liability of a possessor of land to a public officer or employee who enters the land in the performance of his public duty, and suffers harm because of a condition of a part of the land held open to the public, is the same as the liability to an invitee.'" Furstein, supra, 617, fn. 1, quoting Restatement (Second) Torts, Sec. 345(2).
"Ordinarily, the status of one who sustains injury while upon the property of another is a question of fact." (Citations omitted.) Roberts v. Rosenblatt, 146 Conn. 110,112-13, 148 A.2d 142 (1959).
As to the issue of when a duty may have arisen, the defendant Frank Faraci, Jr. has submitted an affidavit stating that he was at Glendale Manor at 11:30 a.m. on January 21, 1991. The affidavit states that at the time he witnessed the plaintiff fall it was still snowing. In addition, the defendants have submitted the affidavit of Walter F. Zeltmann, who is employed by the International Weather Corporation and is trained in the gathering and analyzing weather data. Zeltmann's affidavit states that upon his investigation it was snowing at 11:30 a.m. in Chester, Connecticut on January 21, 1991. Zeltmann's affidavit states that it probably continued to snow until at least 1:00 p. m.
In opposition, the plaintiff has submitted an affidavit CT Page 5127 stating that it was snowing at his residence in Chester, Connecticut, at approximately 8:30 a.m. on January 21, 1991. The plaintiff's affidavit, however, states that the snow had stopped one hour before he left to respond to the fire alarm at Glendale Manor.
The defendants have failed to carry their burden of showing the nonexistence of any material issue of fact. With regards to the issue of whether or not it was snowing when the plaintiff allegedly fell at Glendale Manor. The affidavits of the defendants and the plaintiff are in direct conflict with each other. There is an insufficient basis for the court to find that there are no issue of fact with regards to whether or not it was snowing at the time of the plaintiff's fall. Therefore, the court denies the motion for summary judgment.
In addition, there are issues of fact surrounding the applicability of the "firefighter's rule." Issues of fact remain as to whether the plaintiff did not know or have reason to know of the dangerous condition. The plaintiff's affidavit states that his fall was caused by a sheet of ice that was hidden under a film of snow that was not observable to him prior to his fall. The court finds that there is an issue of fact as to whether the plaintiff, if a licensee, had knowledge of the dangerous condition.
Second, there are issues of fact as to whether or not the plaintiff could be considered an invitee under the exception to the "firefighter's rule" as stated in Furstein. The plaintiff's affidavit states that the walkway where he fell is open and accessible to the public. The defendants have argued that the plaintiff, as a firefighter, should be treated as a licensee but they have provided no evidence as to whether or not the plaintiff was injured in an area open and accessible to the public. As a result, that issue of fact remains.
The motion for summary judgment is denied.
HIGGIN, J.