[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT (#110)
CT Page 5314-p
The plaintiffs, Gabriel J. Muraca and Francis Muraca, bring this action for injuries suffered by Gabriel J. Muraca while making a delivery to the defendant, Bailey's Express, Inc. ("Bailey's"). The plaintiffs brought the action by a revised two count complaint dated July 8, 1992.
In count one, the plaintiffs allege that on January 14, 1991, the defendant was the owner of premises located at 61 Industrial Park Road, Middletown, Connecticut. The plaintiffs claim that on January 14, 1991, the plaintiff Gabriel Muraca was lawfully on the defendant's premises and was walking across the parking area with the intention of entering the defendant's building. The plaintiffs alleged that while the plaintiff was walking across the parking area, he was caused to trip, stumble and fall by reason of icy, slippery, defective and dangerous conditions of the premises. The plaintiffs claim that Gabriel Muraca suffered serious injuries as the result of this fall.
The plaintiffs allege that the defendant failed to maintain the premises in a reasonably safe condition for public use and travel in several respects. The plaintiffs claim that the defendant breached this duty by: allowing snow and ice to accumulate on the premise, failing to remove the snow and ice, failing to prevent pedestrians from using the premises, failing to apply abrasives, failing to inspect the premise and parking vehicles on the premises in a dangerous manner.
In the second count, the Francis Muraca, as the wife of Gabriel, seeks compensation for loss of spousal consortium.
Pursuant to Practice Book § 379, the defendant filed a motion for permission to file a motion for summary judgment dated March 2, 1993. The court granted the motion. The defendant subsequently filed a motion for summary judgment and an accompanying memorandum dated February 11, 1993. In support of the motion, the defendants submitted a copy of a portion of the deposition of Gabriel Muraca. The plaintiffs filed a memorandum in opposition dated March 1, 1993. In support of their memorandum in opposition, the plaintiffs submitted a copy of a portion of Gabriel Muraca's deposition. CT Page 5314-q
"[T]he party seeking summary judgment has the burden of showing the nonexistence of any material fact." (Citations omitted.) Connell v. Colwell, 214 Conn. 242, 246, 571 A.2d 116
(1990). "In deciding a motion for summary judgment, the trial court must view the evidence, in the light most favorable to the nonmoving party." (Citations omitted.) Id., 246-47. "To satisfy his burden the movant must make a showing that it is quite clear what the truth is, and the excludes any real doubt as to the existence of any genuine issue of material fact." (Citation omitted.) Fogarty v. Rashaw, 193 Conn. 442, 445,476 A.2d 582 (1984).
 "Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact; D.H.R. Construction Co. v. Donnelly, 180 Conn. 430, 434, 429 A.2d 908 (1980); a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence such an issue. Practice Book §§ 380, 381; Burns v. Hartford Hospital, [192 Conn. 451, 455, 472 A.2d 1257 (1984)]. . . ." Strada v. Connecticut Newspapers, Inc., 193 Conn. 313, 317, 477 A.2d 1005
(1984). "The test is whether a party would be entitled to a directed verdict on the same facts."
Connell v. Colwell, supra, 246-47, quoting Batick v. Seymour,186 Conn. 632, 647, 443 A.2d 471 (1982).
The defendant argues that a landowner does not have a duty remove ice and snow while a storm is in progress. The defendant argues that the plaintiff testified in his deposition that it sleeted, snowed and rained continuously from Saturday, January 12, 1991, through the time of the accident. In addition, the defendant argues that the plaintiff testified that it continued to sleet throughout the time of the accident and was still sleeting when he got to the hospital. As a result, the defendant argues that the defendant had no duty to remove the ice and snow at the time of the accident.
The plaintiffs argue that because the snow had begun to fall more than two days before the accident, the defendant had ample opportunity to remedy the icy and slippery conditions. In CT Page 5314-r addition, the plaintiffs argue that evidence of the condition of other properties indicates that the defendant breached a standard of care by not shoveling or applying abrasives. The plaintiffs argue that Gabriel Muraca testified at his deposition that at his first delivery point, the premises were not icy or slippery because the driveway was shoveled and dirt was spread. The plaintiffs argue that Gabriel Muraca also stated that his second stop was also shoveled. Therefore, the plaintiffs argue that this testimony indicates that other landowners had an opportunity to make their property reasonably safe and the defendant may have breached a standard of care. Therefore, the plaintiffs argue the motion for summary judgment should be denied because there are issues of material fact that remain.
"[A] property owner, in fulfilling the duty owed to invitees upon his property to exercise reasonable diligence in removing dangerous accumulations of snow and ice, may await the end of the a storm and a reasonable time thereafter before removing ice and snow from outside walks and steps." Kraus v. Newton, 211 Conn. 191,197-88, 558 A.2d 240 (1989). The court in Kraus stated that "[o]ur decision, however, does not foreclose submission to the jury . . . of the factual determinations of whether a storm has ended or whether a plaintiff's injury has resulted from new ice or old ice when the effects of separate storms begin to converge." Id.
As to what duty the defendant may have had to the plaintiffs, "there is an ascending degree of duty owed by the possessor of land to persons on the land based on their entrant status, i.e., trespasser, licensee or invitee." Morin v. BellCourt Condominium Assn., Inc., 223 Conn. 323, 327, 612 A.2d 1197
(1992), citing Corcoran v. Jacovino, 161 Conn. 462, 465,290 A.2d 225 (1971). "A possessor of land has a duty to an invitee to reasonably inspect and maintain the premises in order to render them reasonably safe." Id.,
"Ordinarily, the status of one who sustains injury while upon the property of another is a question of fact." (Citations omitted.) Roberts v. Rosenblatt, 146 Conn. 112-13, 148 A.2d 142
(1959). "`Issues of negligence are ordinarily not susceptible of summary judgment adjudication but should be resolved by trial in the ordinary manner.' Spencer v. Good Earth RestaurantCorporation, [supra]." Fogarty v. Rashaw, supra, 446. One of the central issues in a negligence case is whether the defendant CT Page 5314-s has deviated from the required standard of reasonable care.Logan v. Greenwich Hospital Assn., 191 Conn. 282, 299,465 A.2d 294 (1983).
The defendant has offered the testimony of the Gabriel Murace [Muraca] in his deposition that it had continously sleeted, snowed and rained from Saturday, January 12, 1991, through the time of the accident. However, the plaintiffs have provided a portion of his testimony which states that the premises were either cleared of ice or snow, or that other landowners spread abrasives to provide safe condition.
"The primary purpose of a deposition taken pursuant to these provisions [Connecticut Practice Book rules] is discovery."Esposito v. Wethered, 4 Conn. App. 641, 645, 496 A.2d 222 (1 (1985). "A response to a question propounded in a deposition is not a judicial admission. General Statutes Sec. 52-200." Id. "Thus, the [plaintiff's] testimony at trial may contradict or differ somewhat from [his] earlier statement[s] made at the time of [his] deposition . . . A question for the jury to decide may result at that time." Carrol v. Topolski, 4 CTLR 658 (September 12, 1991, Santos, J.).
The plaintiff has failed to carry his burden of showing the nonexistence of any material facts. In viewing the evidence in the light most favorable to the nonmoving party, it has not been established that the storm continued through the time of the accident to the extent that the defendant did not have a duty provide a remove the ice and snow. Gabriel Muraca's deposition, relied on by both parties, is conflicting as to whether the defendant may have had a duty to remove ice and snow from his premises. Although Gabriel Muraca's deposition indicates that the storm may have continued through the time of the accident, it also indicates that the storm may have subsided enough so that other property owners were able to make their premises reasonably safe. Whether or not the defendant breached a duty to the plaintiffs, is a question of fact for a jury to decide at trial.
In addition, there is an issue of fact as to whether the defendant may have parked vehicles in the parking area in such a manner so as to give rise to a dangerous condition in of itself.
The defendant's motion for summary judgment is denied for the foregoing reasons.
HIGGINS, J. CT Page 5315
[EDITORS' NOTE: THIS PAGE IS BLANK.]