[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
This is an action filed by plaintiff John V. Aukshunas against defendants Town of Groton ("Town of Groton"), Colleen Sullivan, chairperson of Groton's Parks and Recreation, Commission, and Lee Delisle, director of the Groton Department of Parks and Recreation, seeking damages for personal injuries sustained by the plaintiff while golfing at the Shennecossett public golf course in Groton, Connecticut. The defendants move for summary judgment.
The plaintiff's complaint makes the following allegations. The Town of Groton maintains and operates the Shennecossett public golf course through its Department of Parks and Recreation and Parks and Recreation Commission. On July 30, 1990, after one of his golfing partners hit a ball beyond a fence that surrounded the course, the plaintiff scaled the fence to retrieve the ball. While climbing back over the fence, the plaintiff's wedding ring got caught on some portion of the fence. As a result, the plaintiff's finger was severely injured and later had to be amputated.
Count one of the complaint alleges that the plaintiff's injuries were caused by numerous negligent acts and/or omissions of the defendants, including their failure to remove a metal bar designed to hold barbed wire from the fence and their failure to post a sign near the fence informing the plaintiff that an opening existed nearby which would have allowed plaintiff access to the golf ball. Count two alleges that the Town of Groton is obligated to indemnify its employees pursuant to Connecticut General Statutes § 7-101a
and § 7-465. Count three alleges that the Town of Groton's placement of the fence with the metal bar extensions on top constitutes an absolute nuisance. Count four alleges that the Town of Groton failed to exercise due care when "it allowed a rusty, six foot chain link fence to remain on golf course property after the removal of the barbed wire and did nothing about the extended bar containing the indentations" which caught the plaintiff's wedding ring.
The defendants assert three grounds in support of their motion for summary judgment: the Town of Groton is immune from suit under the doctrine of governmental immunity; the defendants can not be sued for a nuisance which they did not create; and no duty of care was owed to the plaintiff because he was a trespasser when he scaled the fence to get the golf CT Page 5483 ball.
The plaintiff opposes the motion for summary judgment on three grounds: there are genuine issues of material fact in dispute; the defendants were exercising a proprietary function in owning and operating an golf course and, thus, can not assert governmental immunity as a defense; and the plaintiff's status as an alleged "trespasser" is a question of fact for the jury.
I. Governmental Immunity
A municipality is immune from suit for actions which are governmental or discretionary in nature. See Gauvin v. NewHaven, 187 Conn. 180, 184 (1982). "Governmental acts have been defined as those in which the municipality acts merely as an agent or representative of the state in carrying out its public purposes, while proprietary or ministerial acts are those in which a municipality carries on activities for the particular benefits of its inhabitants." Anderson v. Town ofEast Hartford, Superior Court, Judicial District of Hartford-New Britain at Hartford, Docket No. 0364257S (February 26, 1992, Aurigemma, J.).
In the Anderson case, the court denied the Town of East Hartford's motion for summary judgment when the plaintiff brought suit for injuries he suffered when he was hit by a golf ball while playing on the town's golf course. In doing so, the court stated that the issue of whether acts complained of in operating a city park were governmental or proprietary was a factual question.
This court concurs with the reasoning and holding of theAnderson decision and must deny the motion for summary judgment claimed on the basis of governmental immunity.
II. Duty of Care and Trespassers
The defendants claim that they did not owe a duty of care to the plaintiff because he became a trespasser when he scaled the fence of the golf course to retrieve a ball. "Ordinarily, the status of one who sustains injury while upon the property of another is a question of fact. Where, however, the facts essential to the determination of the plaintiff's status are not in dispute, a legal question is presented." (Citation CT Page 5484 omitted.) Roberts v. Rosenblatt, 146 Conn. 110, 112 (1959).
The plaintiff alleges that the fence is not at the actual boundary of the golf course and that an opening exists that allows golfers to go behind the fence to retrieve errant balls. The defendants, however, allege that the fence sets up a boundary area and that no invitee/player is allowed to go behind the fence.
Because an issue of material fact exists as to the propriety of the plaintiff in going beyond the fence, summary judgment is not appropriate on the claim that the plaintiff is a trespasser.
III. Nuisance
The plaintiff and the defendants agree that "a municipality may be liable for a nuisance it creates and maintains. The municipality is only liable in the event that, if the condition constituted a nuisance, it was created by some positive act of the municipality." (Citation omitted.)Lukas v. New Haven, 184 Conn. 205, 209 (1981).
In support of their motion for summary judgment, the defendants have submitted the affidavit of Robert Chalifour, the superintendent for the course. According to the affidavit, he has been the superintendent since 1969. He further avers that there was never any barbed wire on top of the fence nor has he or any employee removed such wire or placed metal barbed wire holders on top of it. Thus, the Town of Groton claims that it did not intentionally create the nuisance.
The plaintiff asserts that the Town of Groton bought the land for the golf course in 1968 and that Mr. Chalifour can not testify to the existence of any barbed wire or holders prior to his appointment in 1969. Furthermore, in his brief, the plaintiff states that he has no burden to produce evidence in support of his position.
The plaintiff's claims are incorrect in two respects. First, the affidavit of Mr. Chalifour states that, "[t]here is no barbed wire in the part of the fence near the first green, and there hasn't been any since 1969, or earlier." (Emphasis added.) Secondly, "[a]lthough the party seeking summary CT Page 5485 judgment has the burden of showing the nonexistence of any material fact [,] a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidencedisclosing the existence of such an issue." (Citation omitted; emphasis added.) Scinto v. Stamm, 224 Conn. 524, 530
(1983). The plaintiff has not sufficiently rebutted the defendants' assertions of fact contained in the affidavit.
Accordingly, summary judgment must be granted as to the third count claiming absolute nuisance.
IV. Conclusion
For the reasons stated above, defendants' motion for summary judgment is denied as to counts one, two and four and is granted as to count three of plaintiff's complaint.
Hendel, J.