[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE #103
The plaintiff, Joseph Valiante (Valiante), filed a three count complaint against the defendants, Stauffer Management (Stauffer), Interim Funding (Interim), and Philbro A.G. Energy (Philbro). Stauffer has filed a motion to strike the first count of the complaint — the only count pertaining to Stauffer.
The complaint alleges the following facts. Valiante was a firefighter responding to an alarm at property owned by Stauffer. Stauffer "had a duty to maintain the premises . . . in a reasonably safe manner, including a duty to provide proper lighting in order to prevent persons entering the property from being injured."
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff." (Internal quotation marks omitted.)Novametrix Medical Systems, Inc. v. BOC Group, Inc., 224 Conn. 210,214-15, 618 A.2d 25 (1992).
As a matter of law, a firefighter responding to an alarm in the normal course of his duty is a licensee on the property of another. Roberts v. Rosenblatt, 146 Conn. 110, 113, 148 A.2d 142
(1959). "Ordinarily, an owner of land owes no duty to a licensee to keep his premises in a safe condition, because the licensee must take the premises as he finds them, including any danger arising out of their condition." Dougherty v. Graham, 161 Conn. 248, 251,287 A.2d 382 (1971). The Connecticut Supreme Court has "nevertheless recognized that under certain circumstances a heightened duty to the licensee can arise. . . . A possessor of land is subject to liability for physical harm caused to licensees by a condition on the land if, but only if, (a) the possessor knows or has reason to know of the condition and should realize that it involves an unreasonable risk of harm to such licensees, and should expect that they will not discover or realize the danger, and (b) he fails to exercise reasonable care to make the condition safe, or to warn the licensees of the condition and the risk involved, and CT Page 3277 (c) the licensees do not know or have reason to know of the condition and the risk involved." (Citations omitted; internal quotation marks omitted.) Furstein v. Hill, 218 Conn. 610, 624-25,590 A.2d 539 (1991).
Count one of the complaint is legally insufficient because it fails to allege any facts which demonstrate: that Stauffer knew or had reason to know of the dangerous condition on the premises and should have realized that the condition involved an unreasonable risk of harm to Valiante; that Stauffer failed to exercise reasonable care to make the condition safe or to warn Valiante of the condition and risk involved; and that Valiante did not know or have reason to know of the condition and the risk involved.
Accordingly, Stauffer's motion to strike count one of the complaint is granted.
FORD, JUDGE.