[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
CT Page 538
The plaintiff Hector Medina, at the time of the incident alleged in the complaint, was a member of the Waterbury Police Department. On January 18, 1995, the plaintiff responded to a "suspicious person" call originating from Edgebrook Manor in Waterbury. Edgebrook Manor is a residential apartment building owned by the defendants, Amresco and B.C.S. Asset I, LP.
According to the complaint, the plaintiff canvassed the premises of Edgebrook Manor, looking for any suspicious persons. While inspecting the hallways and stairwells of the apartment complex, it is alleged that plaintiff suffered injuries after tripping down several stairs in an allegedly defective common area of the complex.
The plaintiff filed a two count complaint against the defendants in an action dated June 6, 1996. Count one of the complaint alleged that the defendants' negligence and carelessness in maintaining the apartment complex were the proximate cause of the plaintiff's injuries. Count two reiterated count one and also sought to recover money paid by the City of Waterbury for the plaintiff's worker's compensation.
In a motion dated July 21, 1997, the defendants moved for summary judgment and filed a memorandum in support of the motion. An affidavit and deposition transcript were attached to the memorandum. On August 4, 1997, the plaintiff filed an objection to the motion for summary judgment. The memorandum in support of the objection contained excerpts from depositions.
"Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law . . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party . . . . Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact . . . a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue." (Citations omitted; internal quotation marks omitted.) Home Ins. Co. v. Aetna Life CT Page 539Casualty Co., 235 Conn. 185, 202, 663 A.2d 1001 (1995).
COUNT ONE
The defendants' motion for summary judgment alleges that there is no genuine issue of material fact and that the defendants are entitled to judgment as a matter of law. In their brief accompanying the motion, the defendants argue that the "firefighter's rule" prohibits any recovery. In his memorandum in objection to the motion for summary judgment, the plaintiff maintains that based on accompanying evidence, there exist issues of material fact that render summary judgment inappropriate.
In Roberts v. Rosenblatt, 146 Conn. 110, 113, 148 A.2d 142
(1959), the court held that a firefighter that enters premises in the performance of his public duty held a status akin to that of a licensee. Accordingly, the firefighter was owed no greater duty than that due a licensee. Id. This has become known as the firefighters rule. Subsequently, the Supreme Court held that the firefighter's rule was applicable to police officers as well. Furstein v. Hill, 218 Conn. 610, 615-616, 590 A.2d 939
(1991).
"Ordinarily, an owner of land owes no duty to a licensee to keep his premises in a safe condition, because the licensee must take the premises as he finds them, including any danger arising out of their condition." Dougherty v. Graham, 161 Conn. 248,251, 287 A.2d 382 (1971). However, under certain circumstances, a heightened duty to the licensee can arise. Furstein v. Hill, supra, 218 Conn. 624.
"If a licensor actually or constructively knows of the licensee's presence on the premises, however, the licensor must use reasonable care both to refrain from activity subjecting him to danger and to warn him of dangerous conditions which the possessor knows of but which he cannot reasonably assume that the licensee knows of or by reasonable use of his faculties would observe." (Citations omitted; internal quotation marks omitted.) Morin v. Bell Court Condominium Association, Inc.,223 Conn. 323, 329, 612 A.2d 1197 (1992).
In the present case, an affidavit submitted by the defendants' agent, Jeffrey Ferony, reveals that the defendants did not possess actual knowledge that police officers had ever CT Page 540 used any of the interior stairwells of the apartment complex. The defendants' affidavit states that the manager in charge of the complex did not know that police officers had used any stairwells in the past. As a result, the plaintiff bears the burden of establishing that there was a predictable pattern of prior usage by himself or other police officers. Morin v. BellCourt Condominium Association, Inc., supra, 223 Conn. 331.
The plaintiff's deposition reveals that in his estimate, police officers had responded fifty to one hundred times to calls from the complex in the last year.
The court, therefore, finds that there is a genuine issue of material facts and denies defendants' motion as to the first count.
COUNT TWO
The defendants argue that count two is derivative of count one and thus also subject to the "firefighter's rule". In addition to this argument, the defendants offer an independent ground in support of their motion for summary judgment on count two. Accordingly, the defendants claim that General Statutes § 31-293 (a) is the sole and exclusive means by which an employer may participate in an action against a third-party tortfeasor. The plaintiff does not respond to this argument in his memorandum accompanying the objection to the motion for summary judgment.
Under General Statutes § 31-293 (a) an employer who seeks to recover sums paid to the injured employee via worker's compensation may either bring a separate action or join any relevant action at hand. Skitromo v. Meriden Yellow Cab Co.,204 Conn. 485, 486-87, 528 A.2d 826 (1987). If the employer does not comply with the mandated statutory provisions, its right to recover any worker's compensation is extinguished. Id., 489-90.
In the present case, the employer has not chosen to join the action in a manner prescribed by General Statutes § 31-293 (a). Accordingly, the plaintiff cannot seek to claim injury on the part of his employer in direct contradiction of the statute.
The court grants defendants' motion for summary judgment as to Count 2 only.
Kulawiz, J. CT Page 541