[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISIONRE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
By way of their complaint dated February 7, 1997, the plaintiffs, Joseph Dolan and Diane Dolan, seek to recover uninsured motorist benefits from defendants USAA Casualty Insurance Company (USAA) and the City of Norwich. The defendant USAA filed a motion for summary judgment on November 4, 1997, accompanied by a memorandum of law and supporting case law. On November 4, 1997 the City of Norwich filed a motion for summary judgment and adopted the defendant USAA's memorandum of law in support. On December 2, 1997, the plaintiffs filed a memorandum of law in opposition to the defendants' motions for summary judgment, an affidavit by plaintiff Joseph Dolan, and supporting case law.
In relevant part, the plaintiffs allege the following in their complaint. The defendant USAA issued an insurance policy to the plaintiffs which included uninsured/underinsured motorist coverage. The defendant City of Norwich is a self insurer which provides uninsured motorist benefits to all vehicles owned by it. Both defendants have refused to compensate Joseph Dolan under their uninsured motorist policies.
The plaintiff Joseph Dolan is a police officer employed by the City of Norwich. On the evening of August 4, 1993, Joseph Dolan was engaged in his official duties when he encountered Kurt Abrahamson sleeping behind the wheel of an automobile parked in the exit lane of a Burger King restaurant. Noting a strong odor of alcohol, the officer awakened Abrahamson and removed him from the automobile. As the plaintiff attempted to arrest Abrahamson, CT Page 4937 Abrahamson grabbed the steering wheel of the automobile from which he had just been removed and climbed back into the vehicle, causing the vehicle to roll towards the police cruiser. In an attempt to stop the rolling vehicle, the plaintiff quickly entered the moving vehicle and, as a result, suffered injuries to his back. The plaintiffs allege that the negligence of Kurt Abrahamson caused Joseph Dolan's injuries. The plaintiffs allege that they are in compliance with the terms of their insurance policy and that the vehicle operated by Kurt Abrahamson is an uninsured vehicle.
Lastly, the plaintiffs allege that Diane Dolan has suffered a loss of consortium as a result of the negligence of Kurt Abrahamson and that both defendants have failed or refused to compensate her for her losses as required under the uninsured motorist policies.
"Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact . . . a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue. . . . It is not enough, however, for the opposing party merely to assert the existence of such a disputed issue. Mere assertions of fact . . . are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court [in support of a motion for summary judgment]." (Internal quotation marks omitted.)Maffucci v. Royal Park Ltd. Partnership, 243 Conn. 552, 554, A.2d (1998).
The defendants move for summary judgment on the ground that the plaintiffs' claim is barred by the Firefighter's rule (FFR) according to established Connecticut case law as well as case law from other jurisdictions. The plaintiffs argue that the FFR is not an absolute prohibition against lawsuits brought by police officers who are injured by another's negligence. The plaintiffs argue that their claim is not barred by the FFR since the injury did not arise from a situation involving private property, and CT Page 4938 since Joseph Dolan's injuries arise from the actions of an active tortfeasor's efforts to resist arrest.
Our Supreme Court first addressed the status of a firefighter who is injured on private property while engaged in his official duties in Roberts v. Rosenblatt, 146 Conn. 110, 148 A.2d 142
(1959). There the court held that a firefighter who was injured on an icy walkway, on property he entered in response to a fire alarm, has a status akin to a licensee.[1]
The Court revisited the FFR in Kaminski v. Fairfield,216 Conn. 29, 578 A.2d 1048 (1990), and held that the trial court properly struck a police officer's counterclaim in light of the FFR. The counterclaim alleged that the parents of a schizophrenic son who attacked the police officer with an axe, when the police officer responded to a request for assistance at the home, were negligent in failing to warn the police officer of their son's potential for violence. The court held that the police officer could not recover for injuries sustained as a result of his presence as a police officer. Id., 38. Discussing policy, the court noted that "[f]undamental concepts of justice prohibit a police officer from complaining of negligence in the creation of the very occasion for his engagement." Id., 38.
In Furstein v. Hill, 218 Conn. 610, 590 A.2d 939 (1991), the court specifically held that the FFR applies to police officers. In Furnstein, the court held that a police officer investigating a possible burglary, who was injured when a board in a deck collapsed, was a licensee.[2] Discussing policy considerations, the court stated that, "both police officers and firefighters have a permission created by law to enter upon private property for an appropriate public purpose, even without the consent of the owner; both are hired and trained to confront hazards in the execution of their duties; and both are entitled to enhanced workers' compensation benefits for injuries that occur in the line of duty." Id., 620. "The purpose of these professions is to protect the public. . . . [T]he public should not be liable for damages for injuries occurring in the performance of the very function police officers and firefighters are intended to fulfill." Id., 618.
A majority of the trial courts that have addressed the FFR have held that the rule precludes liability only where the firefighter or police officer's injury arises from the official's presence on private property. See Castaglioulo v. Hollin, Superior CT Page 4939 Court, judicial district of New London at Norwich, Docket No. 109508 (April 4, 1997) (Hendel, J.) (holding that the FFR did not barr a police officer from bringing a claim for injuries sustained when an automobile crashed into his cruiser while he assisted a driver who was stopped in a breakdown lane since the FFR is limited to premises liability only, and noting that "[n]o Connecticut Appellate Court has extended the rule to a situation . . . in which the injury to the safety officer occurred on public property."); Apuzzo v. Kobuta, Superior Court, judicial district of New Haven at New Haven, Docket No. 34403118 CONN. L. RPTR. 560 (January 14, 1997) (Silbert, J.) (holding that the FFR did not bar a police officer from bringing an action where the officer's injury resulted from a struggle with a defendant who resisted arrest after a motor vehicle stop, and noting that "it is still fundamental that the rule as adopted in Connecticut focuses on the actions of . . . officers when their duties take them upon private property."). See also Bochicchiov. Strekas, Superior Court, judicial district of Litchfield, Docket No. 069261, 15 CONN. L. RPTR. 524 (January 3, 1996) (Pickett, J.) (FFR precluded liability where officer was injured on private property by the alleged negligence of the party who summoned the police); Grzybowskiv. Faraci Manor Inc., Superior Court, judicial district of Middlesex, Docket No. 65598 (May 28, 1993) (Higgins, J.) (FFR precluded liability where firefighter was injured when he fell on an icy sidewalk on private property while responding to a fire alarm).
In a case similar to the present case, a trial court held that the FFR did not bar a police officer from bringing an action against a defendant who caused injury to a police officer while resisting arrest in a public restaurant. Estes v. Holder, Superior Court, judicial district of Tolland at Rockville, Docket No. 58764, 19 CONN. L. RPTR. 96
(February 7, 1997) (Rittenband, J.). The court stated that the shield "of the firefighter's rule should not be available to those who, in resisting arrest, commit either intentional or negligent acts that injure a police officer. Such police officer is acting in an effort to protect the general citizenry, and it is fundamentally unfair to protect from liability one who causes injuries to the police officer by interfering with such police officer's actions." Id.
Only one Connecticut trial court has stated that "[t]he fireman's rule is grounded in public policy and is not limited to premises liability cases." Fournier v. Battista, Superior Court, judicial district of New Britain, Docket No. 472570, 17 CONN. L. RPTR. 273 (July 16, 1996) (Handy, J.). In that case the court held that the FFR barred CT Page 4940 recovery where a police officer was injured in a struggle with the defendant at the defendant's home. The police officer was summoned to the property by the defendant's father because his son was in possession of a gun and threatening to kill himself. The court relied on the policy reasons set forth in Kaminski v.Fairfield, supra, 216 Conn. 29, and Furstein v. Hill, supra,218 Conn. 610, as well as case law from foreign jurisdictions, including Hubbard v. Boelt, 28 Cal.3d 480, 620 P.2d 156 (1980) (holding that the FFR barred a police officer's negligence action where the officer was injured while pursuing the defendant in a high speed chase.) In Fournier v. Battista, supra, Docket No. 472570, the court stated that "[t]he intent behind the fireman's rule was to prohibit all causes of action by the police officer that resulted while the officer was engaged in the performance of his official duties." Id. The court notes that the facts inFournier involved an incident which took place on defendant's private property, and thus this broad language is dictum as to incidents occurring on a public highway.
Although the defendants submitted several cases from other jurisdictions in support of their argument that the FFR precludes liability in situations where a police officer is injured in the line of duty, regardless of whether the injury arises from a negligent condition on private property,[3] and this court is not bound by those decisions.
"[R]eading our Supreme Court's `tea leaves,'" State v. Brown,14 Conn. App. 605, 629, 543 A.2d 750 (1988), this court holds that the FFR does not bar the present action. The plaintiff Joseph Dolan's injuries arise out of an altercation with an individual tortfeasor on a public way. Neither our Supreme Court nor our Appellate Court has expanded applicability of the FFR beyond situations involving private premises liability, and this court is convinced our Supreme Court will not extend the doctrine to the fact pattern in this case. Accordingly, USAA and the City of Norwich's motions for summary judgment on that ground are denied.
Alternatively, the defendants move for summary judgment on the ground that the insurance policies do not cover the fact pattern at hand. USAA argues that the uninsured motorist coverage provision of the insurance policy issued to Dolan states that they will pay damages from an uninsured motor vehicle if the damages are "1. sustained by a covered person; and 2. caused byan accident." (Emphasis in original.) USAA argues that since CT Page 4941 there is no allegation of an accident, it is not liable to the plaintiffs under the insurance policy. The court has not been provided with copies of the insurance policies by either defendant, and an allegation has not even been made regarding what the City of Norwich's insurance policy states. The defendants have not met their burden of showing the nonexistence of any material fact. Viewing the evidence in the light most favorable to the nonmoving party, USAA and the City of Norwich's motions for summary judgment on that ground are denied. Maffucciv. Royal Park Ltd. Partnership, supra, 243 Conn. 554.
Accordingly both USAA and the City of Norwich's motions for summary judgment are denied.
KOLETSKY, J.