[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] Memorandum
Before the court is the defendants' Motion for Summary Judgment in reliance upon the "firefighter's rule." The plaintiff, Minerva Feliciano, is a police officer for the city of Bridgeport. On March 21, 1997, the plaintiff was a passenger in a police vehicle traveling south on Noble Avenue in Bridgeport. The police vehicle had its lights and siren on because the officers were on the way to a reported disturbance.
As the police vehicle proceeded south through the Intersection of Noble Avenue and East Washington Avenue, it was struck by a vehicle being operated by the defendant, Terry Williams, who was traveling in an easterly direction on East Washington Avenue. Williams had leased the vehicle from the other defendant in this action, ELRAC, Inc. The plaintiff claims personal injuries as a result of the collision.
On September 29, 1998, the plaintiff filed a two-count complaint against the defendants. Count one alleges negligence on the part of Williams. Count two alleges that ELRAC, Inc. is liable pursuant to General Statutes § 14-154a for damages caused by the operation of its leased vehicle.
On October 13, 1999, the defendants filed a motion for summary judgment. The court heard argument on the motion at short calendar on January 31, 2000. Pursuant to Practice Book § 11-10, the defendants have submitted a memorandum in support of their motion together with a supporting affidavit and the plaintiffs answers to interrogatories. In response, the plaintiff has submitted a memorandum in opposition to the defendants~ motion, along with a certified copy of the police report, and an opposing affidavit. The defendants have submitted a reply to the plaintiffs objection.
"[S]ummary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as matter of law." (Internal quotation marks omitted.) Witt v.St. Vincent's Medical Center, 252 Conn. 363, 368 (2000). "In deciding a CT Page 6704-f motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party . . . The test is whether a party would be entitled to a directed verdict on the same acts. Summary judgment in favor of the defendant is properly granted if the defendant in its motion raises at least one legally sufficient defense that would bar the plaintiffs claim and involves no triable issue of fact." (Citations omitted; internal quotation marks omitted.) Serrano v. Burns,248 Conn. 419, 424, 727 A.2d 1276 (1999).
The defendants argue that the plaintiffs claim is barred by the "firefighter's rule." The defendants further argue that there is no genuine issue as to whether the plaintiff is a police officer, or whether the plaintiff was on duty at the time of the accident. The defendants assert that the "firefighter's rule" bars negligence actions by police officers when, in the course of performing their official duties, they are negligently injured by citizens. In response, the plaintiff argues that the "firefighter's rule" is limited to those situations where an officer is injured on private property, or at the scene of the incident to which they were called.
The Connecticut Supreme Court first enunciated the "firefighter's rule" in Roberts v. Rosenblatt, 146 Conn. 110, 148 A.2d 142 (1959). The "firefighter's rule" provides that "as a matter of law . . . [a fireman entering] upon the premises in the performance of a public duty under a permission created by law . . . [has a] status . . . akin to that of a licensee . . ." Id., 113. The Supreme Court subsequently expanded the rule to include police officers in Furnstein v. Hill, 218 Conn. 610,590 A.2d 939 (1991):
 "We conclude . . . that the firefighter's rule applies to police officers who are injured by defective conditions on private property while the officers are present upon such property in the performance of their duties." Id., 620. "[F]undamental concepts of justice prohibit a police officer from complaining of negligence in the creation of the very occasion for his engagement . . . This fundamental concept rests on the assumption that governmental entities employ firefighters and police officers, at least in part, to deal with the hazards that may result from their taxpayers' own future acts of negligence. Exposing the negligent taxpayer to liability for having summoned the police would impose upon him multiple burdens for that protection." (Internal quotation marks omitted.) CT Page 6704-g Kaminski v. Fairfield, 216 Conn. 29, 38-39B, 578 A.2d 1048
(1990).
"Connecticut's version of the firefighter's rule, which has taken into account the approaches taken by other jurisdictions, has focused on police and fire personnel who enter onto private property to perform their duties." Apuzzo v. Kobuta, Superior Court, judicial district of New Haven at New Haven, Docket No. 344031, 18 CONN.L.RPTR. 560 (January 14, 1997) (Silbert, J.) (declining to extend the rule to injuries not sustained on private property). "A majority of the trial courts that have addressed this rule have held that the rule precludes liability only where the firefighter or police officer's injury arises from the official's presence on private property. See Castaglioulo v. Hollin, Superior Court, judicial district of New London at Norwich, Docket No. 109508 (April 4, 1997) (Hendel, J.) (holding that the FFR did not bar a police officer from bringing a claim for injuries sustained when an automobile crashed into his cruiser while he assisted a driver who was stopped in a breakdown lane since the FFR is limited to premises liability only, and noting that [n]o Connecticut Appellate court has extended the rule to a situation . . . in which the injury to the safety officer occurred on public property).
This court agrees with the view of the majority of the Superior Court decisions that have addressed this issue, namely that the firefighter's rule is applicable to private property only. Here, it is undisputed that the accident took place on a public street, and not on private property. (See Plaintiff's Complaint, § 4; Defendants' Memorandum of Law in Support of Motion for Summary Judgment.) Because the court concludes that the firefighter's rule is grounded in premises liability; see Roberts v.Rosenblatt, supra, 146 Conn. 110; the rule does not apply in this case to bar a negligence claim by a police officer arising out of injuries sustained on a public road and caused by a third party. Accordingly, the defendants' motion for summary judgment is denied.
SKOLNICK, J.