[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
The plaintiff, Robert Fortin, filed an amended complaint against the defendants, James Adams, Jr. and April Adams, on July 9, 1999. The plaintiff alleges that he sustained various injuries and losses on or about September 21, 1997 when he attempted to snare a large rottweiler dog in his capacity as a canine control officer.[1] The plaintiff further alleges that the dog was not under the control of the defendants in violation of General Statutes § 22-364 and that the defendants are liable for the plaintiff's injuries pursuant to General Statutes §22-357.[2] The defendants filed a motion to strike on December 22, 1999 which was subsequently denied.[3] The defendants now move for summary judgment on the ground that the plaintiff's claim for recovery pursuant to General Statutes § 22-357 is not a cognizable claim in light of the plaintiff's allegations that he was working in his capacity as a canine control officer for the borough of Naugatuck under the Connecticut law known as the "firefighter's rule."
The defendants filed a memorandum in support of their motion for summary judgment on June 28, 2000 and the plaintiff filed a memorandum in opposition on July 12, 2000.
"Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Miles v. Foley, 253 Conn. 381, 385, ___ A.2d ___ (2000). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." Id., 386. "The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an CT Page 11374 evidentiary foundation to demonstrate the existence of a genuine issue of material fact." Id.
The defendants argue that the plaintiff is barred from recovery by the "firefighter's rule." The defendants, by way of analogy, contend that the instant case is similar to situations involving police officers and firemen. The defendants further argue that the injuries occurred during the course of the plaintiff's employment and that the plaintiff has already been adequately compensated by receiving workers' compensation benefits.
The plaintiff opposes the defendants' motion by arguing that the "firefighter's rule" has no application to this case, because the plaintiff is neither a police officer nor a fireman. The plaintiff also contends that the rule has no application because the injuries sustained by the plaintiff did not occur on the defendants' premises.
In Roberts v. Rosenblatt, 146 Conn. 110, 148 A.2d 142 (1959), the court adopted the firefighter's rule and held that the defendants owed the plaintiff; a firefighter, "no greater duty than that due a licensee." Id., 113. The court addressed the issue of premises liability and the status of a public officer who was injured on private property while lawfully present in the exercise of his duties.[4] Id. Later, inFurstein v. Hill, 218 Conn. 610, 590 A.2d 939 (1991), the court decided that "the [firefighter's] rule applies to police officers as well as to firefighters."[5] Id., 616. The court noted that "[t]he most compelling argument for the continuing validity of the rule is the recognition that firefighters and police officers often enter property at unforeseeable times and may enter unusual parts of the premises under emergency circumstances." Id.
In this case, the defendants argue that they are not necessarily seeking to extend the firefighter's rule, but instead are applying the principle of the law underlying that rule. The same argument was made by the defendants in Geherty v. Connecticut Yankee Atomic Power Co., Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 546860 (April 20, 1998, Teller, J.) (22 Conn.L.Rptr. 128). In that case, the court held that the plaintiff's action was not precluded by the firefighter's rule and observed that "[n]o Connecticut court . . . has extended the rule to a situation . . . in which the injured plaintiff is a private security guard." Id. In refusing to apply the rule to a private security guard, the court accepted the plaintiff's argument that the rule applied only to firefighters and police officers. Id.
Similarly, no Connecticut court has extended the rule to a situation in CT Page 11375 which the injured plaintiff is a canine control officer. Here, the plaintiff is a canine control officer and not a police officer or firefighter. The plaintiff has argued that his injuries and losses occurred off of the defendants' premises, which, if proven, would defeat any claim that recovery is barred based on premises liability. The plaintiff has also argued that the defendants are liable for the plaintiff's injuries pursuant to General Statutes § 22-357, which extends liability for harm caused to "any person." Further, canine control officers were not meant to fit within the "firefighter's rule" which works to bar individual claims of firefighters and police officers. The court is not willing to extend the "firefighter's rule" to bar claims of plaintiffs who are working in their capacity as a canine control officer when injured.
The firefighter's rule only extends to firefighters and police officers. For the foregoing reason, the defendants' motion for summary judgment should be and is hereby denied.
Joseph W. Doherty, Judge