[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION MOTION TO STRIKE
The plaintiff, a Hartford police officer, brings this lawsuit seeking damages for injuries sustained on or about August 16, 1998, while working at an event in Keney Park sponsored by the defendant. Jainchill claims that his injuries were caused by the negligence of the defendant when it left a rented golf cart unattended with the keys in it and he tried to stop a young child from driving off in it. The city of Hartford, the plaintiff's employer, filed an intervening complaint seeking reimbursement for amounts expended under the workers' compensation act for Jainchill's injuries. The defendant has moved to strike both complaints on the ground that Jainchill fails to state a legally sufficient claim because his action is barred by the firefighter rule.
Jainchill and the city of Hartford argue that Jainchill's claim falls within an exception to the firefighter rule, namely, that the police officer had invitee status because the incident occurred in Keney Park, property held open for the use of the general public.[1] Jainchill and the city of Hartford also argue that the defendant's claim should have been raised by means of a special defense rather than a motion to strike.[2]
 I
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any [complaint] . . . to state a claim on which relief can be granted." (Internal quotation marks omitted.)Peter-Michael, Inc. v. Sea Shell Associates, 244 Conn. 269, 270,709 A.2d 558 (1998). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." (Internal quotation marks omitted.) Waters v. Autuori, 236 Conn. 820, 825, 676 A.2d 357 (1996). "If facts provable under the allegations would support a defense or a cause of action, the motion to strike must be denied." RK Constructors, Inc.v. Fusco Corp., 231 Conn. 381, 384, 650 A.2d 153 (1994). "The court must construe the facts in the complaint most favorably to the plaintiff." (Internal quotation marks omitted.) Waters v. Autuori, supra,236 Conn. 825.
 II
In Roberts v. Rosenblatt, 146 Conn. 110, 148 A.2d 142 (1959), the Supreme Court adopted the firefighter rule and held that since the plaintiff entered the premises "in the performance of a public duty under a permission created by law," the defendant property owners owed the plaintiff, a firefighter, "no greater duty than that due a licensee." Id., 113. CT Page 3132-ev
Later, in Furstein v. Hill, 218 Conn. 610, 590 A.2d 939 (1991), the court decided that "the [firefighter] rule applies to police officers as well as to firefighters." Id., 616. The rule "applies to police officers who are injured by defective conditions on private property while the officers are present upon such property in the performance of their duties." Id., 620. The court observed that "[t]he most compelling argument for the continuing validity of the rule is the recognition that firefighters and police officers often enter property at unforeseeable times and may enter unusual parts of the premises under emergency circumstances." Id.
The policy underlying the firefighter rule was restated by the Supreme Court most recently in Lodge v. Arett Sales Corp., 246 Conn. 563,717 A.2d 215 (1998). "We have concluded that the public [rather than individual defendants] should compensate its safety officers both in pay that reflects the hazard of their work and in workers' compensation benefits for injuries suffered when the risks inherent in the occupation materialize. . . . The plaintiffs have been compensated for their risk by society as a whole by way of workers' compensation as well as other statutory benefits. . . . To impose additional liability on the defendants under these circumstances would impose an undue burden on individual members of the public." (Citation omitted; internal quotation marks omitted.) Id., 580-81.
In this action, Jainchill was working as a police officer at the time of the incident on property not owned by the defendant. As evidenced by the allegations of the intervening complaint, Jainchill received workers' compensation benefits provided by the city of Hartford for his injuries. The plaintiffs argue in their opposition to the motion to strike that because Jainchill was injured in Keney Park, property opened to the general public, his status was that of an invitee, as opposed to a licensee, and the firefighter rule is inapplicable.
While the court agrees with the plaintiff that the traditional firefighter rule does not apply to this case, recovery by the plaintiff is foreclosed for the same policy reasons which support the rule in a premises liability case against a landowner. As in Lodge, the firefighter rule is not technically applicable because the defendant is not a landowner and this case does not involve an issue of landowner liability. However, the policy considerations which precluded recovery in both Lodge and Furstein apply with equal force in this case.[3] Lodgev. Arett Sales Corp., supra, 246 Conn. 580 n. 12. CT Page 3132-ew
In further support of this conclusion, the court has also considered the rationale of the Supreme Court in another case which did not involve the firefighter rule but which found a defendant police officer's counterclaim was not actionable for the same policy reasons. Kaminski v.Fairfield, 216 Conn. 29, 578 A.2d 1048 (1990). In Kaminski, the court quoted from and cited with approval, cases from New Jersey, Nevada and California, which extend the firefighter rule beyond premises liability claims against landowners. "[F]undamental concepts of justice prohibit a police officer from complaining of negligence in the creation of the very occasion for his engagement. . . . This fundamental concept rests on the assumption that governmental entities employ firefighters and police officers, at least in part, to deal with the hazards that may result from their taxpayers' own future acts of negligence." (Internal quotation marks omitted.) Id., 38-39. See Berko v. Freda, 93 N.J. 81, 459 A.2d 663
(1983) (action by a police officer barred against the owner of a vehicle who negligently left his keys in a car subsequently stolen by an individual who caused injury to the officer); Steelman v. Lind,97 Nev. 425, 427-28, 634 P.2d 666 (1981) (police officer injured in the course of gathering fallen cargo off roadway not allowed to sue truck driver for negligently securing freight); Walters v. Sloan, 20 Cal.3d 199,202-205, 571 P.2d 609, 142 Cal.Rptr. 152 (1977) (a police officer precluded from suing homeowners for negligently furnishing alcohol to minors when assaulted by their minor child's intoxicated and disorderly guests after having been dispatched to the residence);.
Having found that the firefighter rule does not apply to this case, the distinction between private as opposed to public property drawn by the plaintiff is of no significance. The policy considerations which gave rise to the adoption of the firefighter rule in Connecticut and which were applied in Kaminski and Lodge, where the firefighter rule was not invoked, however, apply with equal force to the facts alleged in the complaint before the court. The plaintiff was "working on the property as a Hartford police officer at an event in Keney Park sponsored by the Defendants." Complaint, ¶ 1. He was injured when "a minor child took an unattended golf cart in which the key had been left in the ignition and which had been rented by the Defendant which caused injury to the Plaintiff when he tried to stop it." (Emphasis added.) Complaint, ¶ 2. The public nature of the property notwithstanding, the primary consideration is whether the alleged acts of negligence were either created by or intimately connected with the "very occasion for which" the plaintiff was on the property. While the defendant did not own the property, a necessary implication from the claimed negligent act is that it was responsible for the plaintiff's presence and the plaintiff was CT Page 3132-ex injured while acting in the performance of his duty as a police officer. In fact, Jainchill's injury occurred when he tried to prevent a young child from driving off in a golf cart rented by the defendant and left unattended with the keys in it. See Kaminski v. Fairfield,216 Conn. 38-39.[4]
In reviewing the complaint in the light most favorable to Jainchill, the allegations in the complaint are insufficient to state a cause of action by Jainchill against the defendant. Accordingly, the defendant's motion to strike Jainchill's complaint and the city of Hartford's intervening is granted.
Peck, J.