[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff has brought this action in two counts in an amended complaint claiming intentional tort in Count One and negligence in Count Two. According to the allegations the plaintiff was a West Hartford police officer who was injured in the course of a struggle to arrest the defendant on June 25, 1994 at the International House of Pancakes. The plaintiff had responded to a call that the defendant was violently assaulting his CT Page 951 estranged wife who worked at that restaurant. Defendant has moved for summary judgment claiming that there is no issue of material fact and that the action is barred by the "Firefighters Rule", the defendant, therefore, being entitled to judgment as a matter of law. Both parties have filed briefs, and the court heard oral argument on January 21, 1997.
Legal Standard Governing Summary Judgment
A trial court may appropriately render summary judgment when the documents submitted demonstrate that there is no genuine issue of material fact remaining between the parties and that the moving party is entitled to judgment as a matter of law. Burns v.Hartford Hospital, 192 Conn. 451, 455 (1984); Bartha v.Waterbury House Wrecking Co., 190 Conn. 8, 11 (1983). Our Supreme Court has held that "[i]t is incumbent on a plaintiff to allege some recognizable cause of action in his complaint. If he fails to do so, it is not the burden of the defendant to attempt to correct the deficiency, either by motion [to strike] or otherwise." Stavnezer v. Sage-Allen Co., 146 Conn. 460, 461
(1959). For that reason, a defendant may use a motion for summary judgment, not for pleading deficiencies, but to challenge the legal sufficiency of a complaint "if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Boucher Agency v. Zimmer,160 Conn. 404, 409 (1971). A party moving for summary judgment has the burden of showing the absence of any genuine issue of material fact. Dougherty v. Graham, 191 Conn. 248, 250 (1971). To satisfy this burden, the movant must make a showing that it is quite clear what the truth is and that there is no doubt as to the existence of a genuine issue of material fact. Plouff v. NewYork, New Haven and H.R. Company, 160 Conn. 482, 488 (1971).
Since the defendant in his answer has denied relevant portions of the amended complaint and filed special defenses which in turn have been denied by the plaintiff, and since there are no affidavits or other proof submitted with the motion for summary judgment, the defendant has not sustained his burden of showing the absence of any genuine issue of material fact. For that reason, the Motion for Summary Judgment should be denied. However, to settle the issue raised in the said, motion, namely, the application of the "firefighters rule", this court will consider the allegations of the amended complaint to be true and based upon that determine whether the defendant is entitled to CT Page 952 summary judgment as a matter of law.
The application of the "firefighters rule", hereafter "FFR" to the facts of this case has never been addressed by our Appellate or Supreme Courts, and, therefore, this is a case offirst impression in Connecticut.
The FFR was first adopted in Connecticut in Roberts v.Rosenblatt, 146 Conn. 110, 113 (1959) wherein the court held that a firefighter entering upon premises in the performance of a public duty under a permission created by law was owed no duty greater than that due a licensee. This rule was extended to police officers in Furstein v. Hill, 218 Conn. 610, 620 (1991) wherein the court stated it ". . . applies to police officers who are injured by defective conditions on private property while the officers are present upon such property in the performance of their duties." In Kaminski v. Fairfield, 216 Conn. 29, 38 (1990), the court stated that ". . . fundamental concepts of justice prohibit a police officer from complaining of negligence in the creation of the very occasion for his engagement." However,Kaminski was a counterclaim against the parents of a mentally unstable son claiming that the parents were the proximate cause of the injuries by not keeping axes away from their son.
In both Kaminski and Furstein the opinions addressed the liability of the property owners. Neither case addressed the applicability of the FFR to a cause of action against the individual tortfeasor. Connecticut cases have invoked the FFR in situations in which the defendant is the one who called upon the police to intervene.[1] No Appellate or Supreme Court case has addressed the applicability of the FFR to the tortfeasor. The defendant's claim that the FFR prohibits all causes of action by the police officer that resulted while the officer was engaged in the performance of his official duties is incorrect. There is no appellate case or series of cases that hold that.[2]
This court does hold that the firefighters rule does not apply to the case at bar. The shield: of the firefighters rule should not be available to those who, in resisting arrest, commit either intentional or negligent acts that injure a police officer. Such police officer is acting in an effort to protect the general citizenry, and it is fundamentally unfair to protect from liability one who causes injuries to the police officer by interfering with such police officer's actions. CT Page 953
The defendant is not entitled to summary judgment as a matter of law. Accordingly, his motion for summary judgment dated November 13, 1996 is denied.
Rittenband, Judge