[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT
The plaintiff, Michael Spellman (Spellman), a Connecticut State Police officer, responded to a call to investigate a disturbance at 278A Pendleton Hill Road, North Stonington, Connecticut. The premises were owned by the defendants, David and Ellen Dodge. The defendant, Matt Dodge, was their son and a resident relative in the household.
Matt suffered from emotional and psychiatric illness including depression and impulse control disorder. On May 27, 1996, Matt was depressed and acting in a self-destructive manner. His parents gave him medication and urged him to get to a hospital. He became angry and destroyed his room. When he broke a window and intentionally slashed his arm, David told Ellen to call 911 for assistance. Matt was 16 years of age at the time and weighed 170 pounds. Ellen told the 911 dispatcher that her 16 year old son was acting in a self-destructive manner and that they needed assistance to bring him to a hospital.
When Spellman arrived at the house, David told him about Matt's condition. Spellman talked to Matt and told him they were going to take him to a hospital. Matt "blew up" and left the CT Page 13052 dwelling. Spellman pursued him. There was a struggle. Matt struck the officer when the latter attempted to handcuff him. Spellman claimed he was struck on the right shoulder and that it was injured as a result of the blow.
Spellman also claims he threatened to have the parents arrested unless they assisted him by calling 911 for help.
Count one of the complaint is against Matt Dodge and alleges that he negligently caused injury to the plaintiff when he struck and wrestled with him. Count two alleges that Matt and Ellen Dodge owned the property and negligently failed to control Matt.
All defendants have moved for summary judgement on the grounds that the Firefighter's Rule bars the plaintiff's claim on the basis that he was a police officer present on private property in response to a 911 emergency assistance call and was injured while in the scope and performance of his official duties, and has received worker's compensation benefits for his injuries.
 Discussion
A motion for summary judgment should be granted if it is shown that there is no genuine issue of material fact to be tried and the moving party is entitled to judgment as a matter of law. Connecticut Practice Book § 17-49; Doty v. Mucci, 238 Conn. 800,805 (1996).
In this case, the facts are not in dispute as to any essential issue.
The question is whether under the facts as found the plaintiff is barred from recovery by the Firefighter's Rule (FFR).
The rule prohibits a police officer from "complaining of negligence in the creation of the very occasion for his engagement" because the fundamental assumption that police officers are employed, at least in part, to deal with the hazards that may result from tax payers future negligence. Kaminski v.Fairfield, 216 Conn. 29, 39 (1990).
The FFR was first adopted in Connecticut in Roberts v.Rosenblatt, 146 Conn. 110, 113 (1959), where the court held that CT Page 13053 a firefighter entering upon the premises in the performance of a public duty under a permission created by law, was owed no duty greater than that due to a licensee. The rule was extended to police officers in Furstein v. Hill, 218 Conn. 610, 620 (1991). In that case, the court extended the rule to police officers injured by defective conditions on private property. The officer was injured when a board on a deck collapsed.
In Kaminski v. Fairfield, 216 Conn. 29, 38 (1990), the court held that the trial court properly struck a police officer's counterclaims against the parents of a schizophrenic son who attacked the officer with an axe when he responded to a request for assistance at the home, for negligence in failing to warn the officer of their son's potential for violence. The court held that the officer could not recover for injuries sustained as a result of his presence as a police officer. Id., 38.
In one case, the trial court stated the FFR is not limited to premises liability cases but "is grounded on public policy . . ."Fournier v. Battista, Superior Court, Judicial District of New Britain, Docket No. 472570, 17 Conn. L. Rptr. 273 (July 16, 1996) (Handy, J.). The officer was injured in a struggle with the defendant at his home, having been summoned by the defendant's father because his son had a gun and was threatening to kill himself.
Where a police officer was injured by the defendant in a civil action who struggled with him while resisting arrest, the court denied summary judgment on the ground that the FFR did not apply to persons who cause injury to a police officer who is trying to arrest them. Here the officer was called to a restaurant because the defendant was assaulting his estranged wife who worked there. When the officer tried to arrest him, the defendant assaulted the officer and caused him to be injured. The court held that the FFR did not protect one who causes injury to the officer by interfering with his actions. Where the officer is acting to protect the general public, it is unfair to protect from Liability one who causes injury to the officer by interfering with him. Estes v. Holder, Superior Court Judicial District of Tolland at Rockville, Docket No. 58764,19 Conn. L. Rptr. 96 (February 7, 1997) (Rittenband, J.).
In Estes, the action was against the person who assaulted the officer, not the property owner. The present case is distinguishable from Estes because here the officer was injured CT Page 13054 while acting within the scope of his duties on private property. While at the Dodge's premises, he was not acting to protect the general public as was the case in a public restaurant in Estes. The rule precludes liability where the injury arises from the officer's presence on private property. Furthermore, the officer was not trying to arrest Matt, but merely to restrain him so as to bring him to a hospital.
 Conclusion
The FFR bars the claims of all defendants. The claim against David and Ellen Dodge is barred because they requested assistance on their private property to deal with their out-of-control son. The FFR bars recovery by Matt Dodge because the police officer was at the premises to deal with Matt's problems.
Accordingly, the motion for summary judgment is granted as to all defendants.
D. Michael Hurley, Judge Trial Referee